In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-104 CV


____________________



IN RE JOSEPH G. BEKE AND SHARON A. BEKE






Original Proceeding






 MEMORANDUM OPINION 


 Joseph G. Beke and Sharon A. Beke filed a petition for writ of mandamus. The
trial court denied the Bekes' motion to compel Montgomery County to produce the
complete file regarding an appraiser who was identified by the County as a consulting
expert. See Tex. R. Civ. P. 192.3(e) ("The identity, mental impressions, and opinions of
a consulting expert whose mental impressions and opinions have not been reviewed by a
testifying expert are not discoverable."). The rules regarding discovery do not provide
that the consulting-only expert's file, the party's correspondence to its consulting-only
expert, the notes in its file concerning its consulting-only expert, and e-mail to and from
its consulting-only expert are discoverable. Because the rules specifically prohibit
discovery from consulting-only experts, under the circumstances presented the rules do not
allow discovery of underlying facts and data that the consulting-only expert may have
considered and that may be contained in the file sought by the Bekes. 

 In this case, the Bekes claim that their land is worth more than the value stated by
the County's testifying expert. They apparently believe that the consultant's expert opinion
or the data in his file, if discovered, would support their contention. However, the
consulting expert's work had not been reviewed or relied upon by the County's testifying
expert, and the County has not identified its consultant as a witness it intends to call when
this case is tried. The Bekes also desire to discover the facts and data from which the
County's consulting expert arrived at his opinion and to use that information to impeach
the County's testifying expert. 

 While the information might be useful in their case, nothing prohibits the Bekes
from obtaining opinion testimony from their own experts to establish the value of their
property. "The policy behind the consulting expert privilege is to encourage parties to
seek expert advice in evaluating their case and to prevent a party from receiving undue
benefit from an adversary's efforts and diligence." Tom L. Scott, Inc. v. McIlhany, 798
S.W.2d 556, 559 (Tex. 1990) (orig. proceeding). 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a
duty imposed by law when that abuse cannot be remedied by appeal. Jack B. Anglin Co.,
Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992). After reviewing the mandamus record and petition, and the response filed
by the real party in interest, we conclude the relator has not demonstrated that the trial
court's ruling severely compromises the Bekes' ability to present their property-value
claim. See Walker, 827 S.W.2d at 843. Accordingly, the petition for writ of mandamus
is denied. 

 WRIT DENIED.

 PER CURIAM

Opinion Delivered March 22, 2007 

Before McKeithen, C.J., Kreger and Horton, JJ.